## O. C. TREDWAY v. A. VAN WAGENEN.

**Contempt: Attorney's Refusal to Produce Books.** An attorney in contempt for refusing to bring books before a commissioner, can not urge against committal that the commissioner had no authority to take the evidence.

SAME. It is immaterial that he does not have the books when ordered committed, if he did have them when the motion to produce them was made.

*Certiorari to Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

WEDNESDAY, OCTOBER 3, 1894.

THE plaintiff is a practicing attorney, and the defendant is a judge of the district court. This is a proceeding by *certiorari* to review an order made by the defendant by which the plaintiff was adjudged to be in contempt of court by reason of failing to produce certain books of account, kept by the Franz Brewing Company, before a commissioner, for the purpose of using the said books, or copies of parts thereof, in taking depositions in an action then pending.—*Dismissed.*

*Argo, McDuffie & Argo,* and *O. C. Tredway* for plaintiff.

*Kean & Sherman* for defendant.

ROTHROCK, J.—It appears from the petition for the writ and from the return thereto made by the defendant that there is a suit in equity pending in the Woodbury district court entitled "Paulus v. Franz." For the purpose of preparing the case for hearing, one W. E.

Cody was appointed a commissioner to take testimony. The plaintiff herein was solicitor for the defendant in that suit. He had in his possession the books of account of the Franz Brewing Company, and the said Cody proceeded to take said depositions, and the said books were produced by the plaintiff herein before the commissioner, and the witnesses, in giving their testimony, referred to said books in such way that parts of them were intended to be copied and used in evidence in connection with the depositions. The taking of the evidence was not completed, and the plaintiff herein retained possession of said books. Afterward, the commissioner requested the plaintiff to again produce the books, that he might have an opportunity of copying therefrom such parts thereof as were necessary to complete the taking of the evidence. This request was refused. Thereupon a motion was filed in the district court for an order on said Tredway requiring him to produce the books. The motion, so far as it demanded relief, was in these words: "That this court will enter a peremptory order requiring O. C. Tredway to produce the said books to W. E. Cody, commissioner, that the same, or such parts thereof as are referred to in the testimony, may be copied; and that the court make such further order as to the custody of said books and the hearing of this cause as may be necessary to secure and protect the plaintiff's rights; and that, if said O. C. Tredway still fails and refuses so to produce said books as aforesaid, the court will proceed against him for contempt." This application to the court was resisted by Tredway, and, after a long controversy, the motion was sustained, and the order was made for the production of the books. After this order was entered, another contest was had, which was in the nature of an attempt to show cause why the plaintiff herein should not be finally adjudged to be in contempt, and punished therefor, at the close of which the court made a final

order that Tredway be imprisoned in the county jail until such time as he complied with the order and produced the books.

The foregoing is a brief outline of the proceedings had in the district court. It is urged at great length in behalf of the plaintiff herein that the court exceeded its jurisdiction in making the final order. Among other grounds of excuse for not producing the books, it is claimed that the authority of Cody as a commissioner had ceased by reason of certain other orders of the court. It is very plain that this was not a jurisdictional question. The court, by the order for the production of the books, recognized Cody as the proper person to complete the taking of the depositions, and the power and authority of Cody was wholly immaterial to Tredway, who was no more authorized to raise any such question than any other witness or officer of the court. It was purely a collateral matter. Again, it is claimed that at the time the order was made there was no suit pending in said court in which any such order could be lawfully entered. This contention of the plaintiff appears by the return to the writ to be founded upon a mistake of fact. The suit of Paulus v. Franz was then pending and undisposed of.

There is the further claim that the evidence and hearing of the contempt proceeding established the fact that said books were not under the control of plaintiff, and that he could not produce them. We think that the return and the plaintiff's evidence authorized the court in finding that when the motion was made to produce the books they were in plaintiff's possession, and under his control.

It is unnecessary to discuss other questions made by counsel. There is nothing in this whole record to justify the refusal to obey the order. The plaintiff is the principal attorney for the defendant in the suit in which it is sought to use the books as evidence. He is, in a certain sense, an officer of the court, and the

record before us not only does not show that he was unjustly and illegally adjudged guilty of contempt, but the proceedings appear to be characterized by a determined effort on his part to thwart and defeat the lawful and orderly administration of the law in the district court. The petition for the writ of *certiorari* is DISMISSED.